UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WORLD FUEL SERVICES, INC.<br>  Trading as World Fuel Services<br><br>     v.<br><br>M/V PEPPINO D'AMATO, Official<br>  No. 9291107, her engines, machinery,<br>appurtenances, etc., <u>in rem</u> | CIVIL ACTION No.  09-6240 (F)(2)<br><br>JUDGE:  FELDMAN<br><br>MAG. JUDGE:  WILKINSON |

**ANSWER**

NOW INTO COURT, through undersigned counsel, comes Claimant, Korea Line Corporation, time charterer/disponent owner of the M/V PEPPINO D'AMATO, which make this restricted appearance before this Honorable Court as Claimant to the M/V PEPPINO D'AMATO as set out more fully in its Verified Claim of Disponent Owner (R.Doc. 10), and which avers as follows for its Answer to the Complaint of World Fuel Services, Inc.:

**FIRST DEFENSE**

The Complaint fails to state a cause of action and/or Plaintiff, World Fuel Services, Inc., Trading as World Fuel Services, has no right of action.

**SECOND DEFENSE**

Now further answering each and every allegation of the Complaint, Claimant avers as follows upon information and belief:

1.

The allegations of Article 1 state legal conclusions and require no answer but if answer is required, they are denied for lack of information sufficient to justify a belief in the truth of the averment.

2.

The allegations of Article 2 state legal conclusions and require no answer but if answer is required, they are denied for lack of information sufficient to justify a belief in the truth of the averment.

3.

The allegations of Article 3 are denied for lack of information sufficient to justify a belief in the truth of the averment.

4.

The allegations of Article 4 are denied for lack of information sufficient to justify a belief in the truth of the averment.

5.

The allegations of Article 5 are denied.

6.

The allegations of Article 6 are denied.

7.

The allegations of Article 7 are denied.

8.

The allegations of Article 8 are denied.

9.

The allegations of Article 9 are denied.

10.

The allegations of Article 10 are denied.

11.

The allegations of Article 11 are denied.

12.

The allegations of Article 12 are denied.

13.

The allegations of Article 13 are denied.

14.

The allegations of Article 14 are denied.

15.

The allegations of Article 15 are denied.

16.

The allegations of Article 16 are denied.

**THIRD DEFENSE**

And now further answering, should further answer be deemed necessary, Claimant avers that Plaintiff does not have a valid maritime lien against the defendant vessel, and

Plaintiff did not furnish any goods or services upon authorization of the owner of the vessel or a duly authorized owner's representative.

**FOURTH DEFENSE**

Daewoo and/or any Daewoo related entities and/or the entities that Plaintiff may have dealt with lacked authority to bind the vessel <u>in</u> <u>rem</u> and/or incur any maritime liens.

**FIFTH DEFENSE**

Plaintiff waived any alleged maritime lien it may have had, including but not limited to its reliance upon the credit of Daewoo and/or Daewoo related entities and/or others, and its submission of its invoice to Daewoo and/or Daewoo related entities, and the filing of claim(s) and/or other credit(s) in the Korean bankruptcy proceedings of Daewoo and/or Daewoo related entities. Plaintiff further extended credit to Daewoo and/or Daewoo entities after they were in arrears, which is a bar to this claim and in contradiction to Plaintiff's own Terms and Conditions.

**SIXTH DEFENSE**

The vessel was subject to various charter parties, which contained prohibition of lien clauses, and plaintiff was aware of, or should have been aware of, the prohibition of lien clauses, which is a bar to Plaintiff's claim, and Plaintiff is further estopped from asserting any maritime lien claim.

**SEVENTH DEFENSE**

The alleged maritime lien claims asserted by Plaintiff have been paid in whole or in part, by or on behalf of Daewoo, and Claimant pleads accord, satisfaction, discharge

and payment in defense hereof. Claimant also pleads any damages it may have sustained as a result of the seizure of the vessel, including damages and attorneys' fees for wrongful seizure, as a bar to and/or in set-off to any amount that Plaintiff may be entitled to recover, which right of recovery is denied.

## EIGHTH DEFENSE

Plaintiff does not have a maritime lien claim for interest, court costs, administrative fees, attorneys' fees and/or other charges or items claimed by Plaintiff herein.

## NINTH DEFENSE

Plaintiff's "General Terms and Conditions" and/or other sale terms were never agreed to by the vessel and/or its owner, and upon information and belief, Plaintiff has failed to comply with its own Terms and Conditions.

WHEREFORE, Claimant, Korea Line Corporation, prays that the foregoing Answer and Defenses may be deemed good and sufficient and after due proceedings have been had that the Complaint of Plaintiff, World Free Services, Inc., Trading as World Fuel Services, be dismissed, with prejudice, at Plaintiff's sole cost and expense, and that there be judgment entered in favor of the Claimant and against Plaintiff, and for all other relief which the justice of the cause requires.

This 4th day of November, 2009.

Respectfully submitted,

/s/Richard D. Bertram
RICHARD D. BERTRAM (#17881), T.A.
ROBERT T. LEMON, II (#8312)
Jones, Walker, Waechter, Poitevent, Carrère
 & Denègre, L.L.P.
201 St. Charles Avenue, 48th Floor
New Orleans, LA  70170
Telephone:   (504) 582-8334
Facsimile:    (504) 589-8334
Attorneys for Korea Line Corporation,
Claimant, RESTRICTED APPEARANCE

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 4th day of November, 2009 served a copy of the foregoing pleading on counsel for all parties to this proceeding by electronic filing and/or by mailing the same by United States mail, properly addressed and first class postage prepaid.

/s/Richard D. Bertram
